---

WILLIAM L. OSTERSTOCH *v.* GILBERT LENT.

An attachment against a non-resident debtor, issued from a district court, should be signed and issued by the clerk—it being the process by which the action is commenced. If issued and signed by the justice, he acquires no jurisdiction to proceed in the action commenced by it.

APPEAL by defendant from a judgment of the Fifth District Court. The facts sufficiently appear in the opinion of the court.

*William C. Carpenter*, for the appellant.

Osterstoch v. Lent.

*Diefendorf and Acker*, for the respondent.

INGRAHAM, FIRST JUDGE.—This action was commenced by attachment issued and signed by the justice, upon an affidavit showing the defendant to be a non-resident, and that he was indebted to the plaintiff upon contract.

The objections of the defendant to the mode of commencing the action having been overruled, the defendant's counsel did not make any further defence, and judgment by default was entered against him.

The statute in regard to assistant justices' courts (Laws of 1820, p. 3) directs that the clerk shall make out and sign all process.

This statute is applicable to the present district courts, and if the attachment in the case is the commencement of the action, then it should have been signed in the mode prescribed by law.

By the thirty-third section of the non-imprisonment act it is provided that, if the defendant reside out of the county, he may be proceeded against by summons or attachment. This is the mode of commencing the action. We have not been referred to any provision of the statute altering the law above referred to, nor have we been able to find any allowing the justice to sign the process.

When the proceeding is by attachment, the application should be made to the court, and, on the attachment being ordered, the clerk should sign and issue it.

There is nothing in the act of 1851 requiring such attachment to be under seal.

The case referred to by the defendant's counsel related to the Marine Court, and was governed by the statute specially applicable to that court.

The cause of action was sufficiently set out, but the objection stated was fatal to the jurisdiction of the court, and renders a reversal of the judgment necessary.

Judgment reversed.